**WO**                                                                                                    KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Stephen Bishop,                )   No. CV 08-964-PHX-SMM (JRI)
                               )
    Plaintiff,              )   **ORDER**
                               )
vs.                            )
                               )
Dora B. Schriro, et al.,       )
                               )
    Defendants.             )
_____)

Plaintiff, who is confined in the Arizona State Prison Complex-Eyman, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendant Schriro to answer Count II of the Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.   Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

**TERMPSREF**

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

### III.    Complaint

Plaintiff names Arizona Department of Corrections Director Dora Schriro, Deputy Warden James Arnold, and Grievance Coordinator M. Degurski as Defendants in the Complaint.

Plaintiff alleges three grounds for relief in the Complaint: (1) Plaintiff's Fourteenth Amendment due process rights have been violated because, since 1995, his prison records have not contained information about a 1984 incident in which he was involved; (2) Plaintiff's Fourteenth Amendment rights are being violated because Defendant Schriro refuses to correct his prison records, which puts Plaintiff in danger of assault from other inmates; and (3) Plaintiff's First Amendment rights were violated when two letters that he sent to a pen-pal service were confiscated and not returned.  Plaintiff seeks injunctive relief and money damages.

### IV.    Failure to State a Claim

#### A.    Count I

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss an *in forma pauperis* case, at any time, if it fails to state a claim upon which relief may be granted. Failure to state a claim includes circumstances where a defense is complete and obvious from the face of the pleadings.  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (applying former § 1915(d) which is now codified at 28 U.S.C. § 1915(e)(2)(B)).  In the absence of waiver, the Court may raise the defense of statute of limitations *sua sponte*.  See Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993). See also Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (appropriate to dismiss prisoner's complaint *sua sponte* as time-barred under § 1915(e)(2)(B)); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 956 (4th Cir. 1995) (*en banc*) (same); Pino v. Ryan, 49 F.3d 51, 53 (2nd Cir. 1995)

(same); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (same); Johnson v. Rodriguez, 943 F.2d 104, 107-08 (1st Cir. 1991) (same).

In § 1983 actions, the applicable statute of limitations is the forum state's statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266, 274-76 (1985); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991). The Arizona statute of limitations for personal injury actions is two years. See A.R.S. § 12-542(1); Madden-Tyler v. Maricopa County, 943 P.2d 822, 824 (Ariz. Ct. App. 1997); Vaughan, 927 F.2d at 478.

It appears from the face of Plaintiff's Complaint that his claims accrued more than two years before he filed his complaint. His complaint was filed no earlier than May 19, 2008.[1] Therefore, for this civil rights action to be timely, Plaintiff's claim must have accrued no earlier than May 19, 2006, two years before his Complaint was filed.

"[A] claim generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998). In Count I, Plaintiff claims that information about a 1984 incident, in which he was an informant, was removed from his prison records in 1995. Plaintiff also appears to allege that he was involved in some litigation concerning the files in 1997. It appears that, at the latest, Plaintiff was aware of the false information in 1997, nearly eleven years prior to the filing of this lawsuit. Plaintiff's claims in Count I are, accordingly, barred by the statute of limitations and will be dismissed.

**B.     Count III**

In Count III, Plaintiff claims that his First Amendment rights were violated when two letters he sent to a pen-pal service were confiscated pursuant to an ADOC policy that prohibits such correspondence.

---

[1] A complaint is deemed filed when handed by the prisoner to a prison official for mailing. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (applying "mailbox rule" to a habeas petition). Plaintiff signed his complaint on May 19, 2008, and it was filemarked by the Court on May 21, 2008; therefore, Plaintiff could not have handed his complaint to a prison official for mailing any earlier than May 19, 2008.

1  Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (*per curiam*) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)).  However, a prison may adopt regulations which impinge on an inmate's constitutional rights if those regulations are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).

"[T]he addressee as well as the sender of direct personal correspondence derives from the First and Fourteenth Amendments a protection against unjustified governmental interference with the intended communications." Procunier v. Martinez, 416 U.S. 396, 408-9 (1973). Interference with prisoner mail must "be reasonably related to legitimate penological interests." Thornburgh, 490 U.S. at 404.  Also, prison officials do not need to show that there is no less-restrictive mail policy that could serve the same penological interests. See Id. at 412 (1989).

"Prevention of criminal activity and the maintenance of prison security are legitimate penological interests which justify the regulation of both incoming and outgoing prisoner mail." O'Keefe v. Van Boening, 82 F.3d 322, 326 (9th Cir.1996); see, *e.g.*, Witherow, 52 F.3d at 265 (*per curiam*) (noting that security, order, and rehabilitation are legitimate penological interests which justify the inspection of outgoing prisoner mail).

Plaintiff has not alleged that the ADOC policy of prohibiting correspondence through pen-pal services does not serve a legitimate penological purpose.  Plaintiff's allegations in Count III therefore fail to state a claim and will be dismissed.

**V.     Claims for Which an Answer Will be Required**

In Count II, Plaintiff claims that his safety is threatened because his prison record contains inaccurate information that puts him at risk of assault by other inmates and that he was denied commutation of his sentence by the commutation board because of the information.  Plaintiff also states that Defendant Schriro is aware of the inaccurate information but has refused to correct his file.  Liberally construed, these allegations adequately state a clam and the Court will require Defendant Schriro to answer Count II.

///

TERMPSREF

- 4 -

## VI. Motion for Court Order

On May 21, 2008, Plaintiff filed a "Motion for Court Order to Preserve the Department of Corrections Files on a decease Prisoner." Plaintiff asks that the Court order Defendants to preserve the files of a recently deceased inmate. Plaintiff claims that inmate's file contains information relevant to the missing information in Plaintiff's file, as described in Count I. Because the Court will dismiss Count I and the deceased inmate's files are not relevant to Plaintiff's claims in Count II, the Court will deny the Motion.

## VII. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

comply with any order of the Court).

**IT IS ORDERED:**

    (1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

    (2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

    (3)    Counts I and III and Defendants Arnold, Degurski, and Unknown Defendants are **dismissed** without prejudice.

    (4)    Defendant Schriro must answer Count II.

    (5)    The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendant Schriro.

    (6)    Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

    (7)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

    (8)    The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

    (9)    The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

        (a)    personally serve copies of the Summons, Complaint, and this Order upon

1  Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

2  (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **If Defendant agrees to waive service of the Summons and Complaint, she must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant Schriro must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

(13) Plaintiff's May 21, 2008 Motion for Court Order (Doc. #4) is **denied**.

DATED this 9th day of June, 2008.

_____
Stephen M. McNamee
United States District Judge