**WO**                                                                                          KM

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Stephen Bishop,                                   )     No. CV 08-964-PHX-SMM (JRI)
                                                  )
            Plaintiff,                            )     **ORDER**
                                                  )
vs.                                               )
                                                  )
Dora B. Schriro, et al.,                          )
                                                  )
            Defendants.                           )
_____ )

Plaintiff Stephen Bishop, who is confined in the Arizona State Prison Complex-Eyman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983.  On June 9, 2008, the Court dismissed Counts I and III of the Complaint and directed Defendant Schriro to answer Count II.

On August 7, 2008, Plaintiff filed a Motion to File an Interlocutory Appeal (Doc. #11) and a Motion to Correct the Motion to File Interlocutory Appeal (Doc. #12).  On August 12, 2008, Plaintiff filed a Motion to Stay Proceedings (Doc. #13).

**I.      Motion to File Interlocutory Appeal and Motion to Correct**

In his Motion to Correct, Plaintiff states that in his Motion to File Interlocutory Appeal, he mistakenly referred to Counts I and II of the Complaint.  Plaintiff states that he intended to refer to Counts I and III of the Complaint that he intended to seek leave to file an interlocutory appeal with respect to Counts I and III of the Complaint.  The Court will grant the Motion to Correct and will consider Plaintiff's Motion to File Interlocutory Appeal with respect to Counts I and III of the Complaint.

1
2
3

In his Motion to File Interlocutory Appeal, Plaintiff states that the Court erroneously dismissed Counts I and III of the Complaint and seeks leave to file an appeal of the dismissal of those claims.

4
5
6
7
8
9
10
11
12
13
14
15
16

The Court's June 9, 2008 Order dismissed without prejudice all but one Defendant and some, but not all, of Plaintiff's claims. The Court did not direct the entry of a final judgment as to the dismissed Defendants or claims. See Fed. R. Civ. P. 54(b). The Order, therefore, is not an appealable final order. See 28 U.S.C. § 1291; Anderson v. Allstate Ins. Co., 630 F.2d 677, 680 (9th Cir. 1980) ("Because the orders appealed from dismiss the action as to only some of the defendants, it is clear that they were not final orders pursuant to 28 U.S.C. § 1291 at the time they were entered. Moreover, plaintiffs did not obtain the interlocutory certificate required by Fed. R. Civ. P. 54(b)."). In addition, the Order is not an interlocutory order generally appealable under 28 U.S.C. § 1292(a), and the Court did not provide the statement necessary to make the Order an interlocutory order appealable under 28 U.S.C. § 1292(b) because the dismissal of Counts I and III of the Complaint did not "involve[] a question law as to which there is substantial ground for difference of opinion . . .." 28 U.S.C. § 1292(b).

17

Accordingly, the Court will deny Plaintiff's Motion to File Interlocutory Appeal.

18

**II.     Motion to Stay Proceedings**

19
20
21
22
23
24

In his Motion to Stay Proceedings, Plaintiff states that he attempted to file a motion titled "Motion to Declare this Action as Imminent Danger and Request Seal," but that the motion does not appear on the docket for this case. Plaintiff asks that the Court: (1) stay proceedings in this action until the document is found; (2) consider the exhibits filed with the Complaint; (3) order Defendant to provide Plaintiff with a copy of all documents and logs relating to legal mail; and (4) order Defendant to "put a tracer" on his missing legal mail.

25
26
27
28

The Court notes first that on May 23, 2008, the Court received a document from Plaintiff titled "Motion to Declare this Action as an Imminent Danger and Request to Seal." The Motion to Declare was labeled with the case number CV 95-1601-PHX-SMM (MS) and was therefore filed in that action. To the extent that Plaintiff may have intended to file the

1    Motion to Declare in the present action, he must include the case number for *this* action on

2    the face of the Motion.  Further, Plaintiff's requests with respect to mail logs and documents

3    are akin to requests for discovery and are therefore premature.  The Court will issue a

4    scheduling order with deadlines for conducting discovery and Plaintiff may request

5    documents from Defendant at that time.  The Court sees no reason to stay proceedings in this

6    action and will deny the Motion to Stay Proceedings.

7    **IT IS ORDERED**:

8         (1)    Plaintiff's August 7, 2008 Motion to File Interlocutory Appeal (Doc. #11) is

9    **denied**.

10        (2)    Plaintiff's August 7, 2008 Motion to Correct Motion to File Interlocutory

11   Appeal (Doc. #12) is **granted**.

12        (3)    Plaintiff's August 12, 2008 Motion to Stay Proceedings (Doc. #13) is **denied**.

13        DATED this 4th day of September, 2008.

14

15

16                                          Stephen M. McNamee
                                            United States District Judge
17

18

19

20

21

22

23

24

25

26

27

28