**WO**                                                                                                          KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Bishop, ) | No. CV 08-964-PHX-SMM (JRI) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Dora B. Schriro, et al., ) | |
| Defendants. ) | |

Plaintiff Stephen Bishop, who is confined in the Arizona State Prison Complex-Eyman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1). On June 9, 2008, the Court dismissed Counts I and III of the Complaint and directed Defendant Schriro to answer Count II (Doc. #5).

On August 7, 2008, Plaintiff filed a Motion to File an Interlocutory Appeal (Doc. #11). On September 4, 2008, the Court denied the Motion for Interlocutory Appeal because the Court's June 9, 2008 Order dismissed without prejudice all but one Defendant and some, but not all, of Plaintiff's claims. (Doc. #15). The Court did not direct the entry of a final judgment as to the dismissed Defendants or claims. See Fed. R. Civ. P. 54(b). The Court therefore found that the June 9, 2008 screening Order was not an appealable final order. See 28 U.S.C. § 1291; Anderson v. Allstate Ins. Co., 630 F.2d 677, 680 (9th Cir. 1980) ("Because the orders appealed from dismiss the action as to only some of the defendants, it is clear that they were not final orders pursuant to 28 U.S.C. § 1291 at the time they were entered. Moreover, plaintiffs did not obtain the interlocutory certificate required by Fed. R. Civ. P. 54(b)."). The Court additionally found that the Order was not an interlocutory order

generally appealable under 28 U.S.C. § 1292(a), and the Court did not provide the statement necessary to make the Order an interlocutory order appealable under 28 U.S.C. § 1292(b) because the dismissal of Counts I and III of the Complaint did not "involve[] a question law as to which there is substantial ground for difference of opinion . . . ." 28 U.S.C. § 1292(b).

On September 24, 2008, Plaintiff filed a "Motion to File Interlocutory Appeal Challenging this Court's Denial of an Interlocutory Appeal on Parties and Claims Pursuant to FRCP Rule 54(b)" (Doc. #17).

To the extent Plaintiff is asking the Court to reconsider the September 4, 2008 Order denying Plaintiff's Motion for Interlocutory Appeal, the Court has reviewed the screening order, Plaintiff's Motion, and the September 4th Order, and finds no reason to reconsider its decision. To the extent Plaintiff is seeking leave to appeal the September 4th Order, the Court will deny that request. The September 4th Order is not a final, appealable decision under 28 U.S.C. § 1291 and is not generally appealable under 8 U.S.C. § 1292(a), and the Court did not provide the statement necessary to make it an interlocutory appeal under 28 U.S.C. § 1292(b).

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn only with respect to Plaintiff's September 24, 2008 "Motion to File Interlocutory Appeal Challenging this Court's Denial of an Interlocutory Appeal on Parties and Claims Pursuant to FRCP Rule 54(a)" (Doc. #17). All other matters in this action remain with the Magistrate Judge for disposition as appropriate.

(2) Plaintiff's September 24, 2008 "Motion to File Interlocutory Appeal Challenging this Court's Denial of an Interlocutory Appeal on Parties and Claims Pursuant to FRCP Rule 54(a)" (Doc. #17) is **DENIED**.

DATED this 4th day of November, 2008.

Stephen M. McNamee
United States District Judge