**WO**                                                                                          SVK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Bishop,<br><br>        Plaintiff,<br><br>vs.<br><br>Dora Schriro,<br><br>        Defendant. | No. CV 08-0964-PHX-SMM (JRI)<br><br>**ORDER** |

Plaintiff Stephen Bishop, an inmate in the custody of the Arizona Department of Corrections (ADC) and no stranger to federal litigation,[1] filed this civil rights action under 42 U.S.C. § 1983. Plaintiff moves for a Court Order to Use or Possess a Typewriter; the motion is ready for ruling. (Doc. ##23, 25.) Plaintiff also moves for an Order to Show Cause to provide him a Prisoner Self-Help Litigation Manual and for appointment of counsel. (Doc. #24.) That motion is fully briefed. (Doc. #27, 28.)

---

[1] Plaintiff has filed the following civil rights actions with the Federal District Court, District of Arizona: Bishop v. Pinkstaff, CV 00-0303-PHX-SMM (JRI); Canadian Coalition A, et al. v. Ryan, CV 02-1344-PHX-EHC; Bishop v. Schriro, et al., CV 04-0353-PHX-SMM (JRI); Bishop v. Lewis, et al., CV 90-1724-PHX-CAM; Bishop v. McDonald, et al., CV 92-0952-PHX-CAM (MS); Bishop v. Schriro, CV 94-0559-PHX-EHC (MS); Bishop v. Lewis, CV 94-2118-PHX-EHC (MS); Bishop v. Daughtery, CV 95-1483-PHX-ROS (MS); Bishop v Rhode, et al., CV 95-1601-PHX-SMM (MS); and Bishop v. Boes, et al., CV 96-0654-PHX-SMM (MS).

The Court will construe Plaintiff's motions for a typewriter and legal materials as requests for preliminary relief and deny them. It will also deny the request for appointment of counsel.

**I.     Background**

In Count II of his Complaint, Plaintiff alleged that his safety is threatened because his prison record contains inaccurate information that puts him at risk of assault by other inmates and that he was denied commutation of his sentence because of the information. The Court directed Schriro to answer Count II and dismissed the remaining claims. (Doc. #5.)

**II.    Plaintiff's Motions for Preliminary Injunctions**

**A.     Legal Standard**

To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008). The moving party has the burden of proof on each element of the test. Environmental Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

**B.     Plaintiff's Motion for a Typewriter**

**1.     Parties' Contentions**

Plaintiff asserts that he has various medical conditions that cause pain in his hands, wrist, and arm, making it difficult to write. (Doc. #23 at 1.) Specifically, he asserts that he has osteo and rheumatoid arthritis, gout, and possibly fibromyalgia, as well as nerve damage from a past injury. (Id. at 1-2.) In addition, he is taking interferon and ribavirin, which exacerbate existing problems with his joints and nerves. (Id. at 2.) He asks for a court order permitting him to use his personal typewriter. (Id. at 3.)

Defendant asserts that under Department Order (D.O.) 909 regarding authorized inmate property, Plaintiff is no longer permitted to have a typewriter. (Doc. #25 at 1.) She contends that prohibiting typewriters improves security because it prevents inmates from

1 secreting contraband within typewriters or from using typewriter parts to fashion weapons. 2 Under D.O. 902, "[o]nly inmates who have a qualifying disability may be provided a 3 personal typewriter pursuant to a court order." (Id. at 2.) Defendant argues that security 4 concerns may trump constitutional rights and that courts have a limited role in scrutinizing 5 prison policies. (Id. at 3.) She further argues that a prison regulation is valid when it is 6 reasonably related to legitimate penological interests, Turner v. Safley, 482 U.S. 78, 89 7 (1987). (Id. at 4.)

8 Defendant also asserts that Plaintiff fails to meet the standard for a preliminary 9 injunction because he has not shown irreparable injury or a likelihood of success on the 10 merits. (Id. at 5.) There is no constitutional right to a typewriter, Sands v. Lewis, 886 F. 2d 11 1166, 1169 (9th Cir. 1989) (citing Lindquist v. Idaho State Bd. of Corrections, 766 F.2d 851, 12 858 (9th Cir. 1985)). In addition, Plaintiff's medical issues do not establish that he cannot 13 write—he has hand-written numerous pleadings in this case, a recent case in this Court 14 (Canadian Coalition v. Ryan, CV-02-1344-PHX-EHC), and a pending habeas petition in 15 Pinal County Superior Court (Pinal County CV2008-0-2055). Defendant also contends that 16 although Plaintiff is scheduled for carpal tunnel surgery, the discovery plan accommodates 17 that surgery and after the surgery, "he should be able to write as easily as he can type." (Id.)

18 Plaintiff did not file a reply.

19 **2. Analysis**

20 The Court will deny the motion for a typewriter. Plaintiff fails to demonstrate "that he 21 is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence 22 of preliminary relief, that the balance of equities tips in his favor, and that an injunction is 23 in the public interest." Winter, 129 S. Ct. at 374. There is no constitutional right to a 24 typewriter in prison, Lindquist, 766 F.2d at 858, and Defendant asserts that, for security 25 reasons, it is policy to prohibit them unless an inmate has a qualifying disability and there 26 is a court order.[2] (Department Order 902 § .02.1.8.) The prohibition is reasonably related

27

28  [2]Defendant failed to attach the exhibit regarding D.O. 902, but Plaintiff does not dispute that this is the policy.

- 3 -

1  to the legitimate penological purpose of security. See Turner, 482 U.S. at 89. Plaintiff does
2  not dispute that he has prepared hand-written documents in other cases or that he is scheduled
3  for surgery on his wrist and that thereafter he will be able to write as well as he can type.
4  The motion for a typewriter is denied.

    **C.    Plaintiff's Motion for a Prisoner Self-Help Litigation Manual**

            **1.    Parties' Contentions**

7  Plaintiff asserts that the Prisoner Self-Help Legal Manual was removed from the
8  library and no other "how to" book exists in the library. (Doc. #24 at 2.) Plaintiff alleges
9  that he needs to challenge various court rulings and possibly file an appeal and a petition in
10 the Ninth Circuit but he does not know what to do. (Id. at 2.) He alleges that 90% of
11 everything he files gets denied and that he is being denied access to the courts with respect
12 to knowing "what to file, how to file it and what court to go to." (Id. at 3.) He asks that the
13 manual be returned or replaced with a "how to" book and he asks for appointment of counsel.
14 (Id.)

15 Defendant argues that Plaintiff's request for injunctive relief is unrelated to his current
16 lawsuit, which concerns allegedly inaccurate information in his files. (Doc. #27 at 3-4.) In
17 addition, Defendant asserts that Plaintiff fails to show that he will suffer irreparable harm.
18 (Id. at 4.) Moreover, the right to access to the courts does not require that ADC provide
19 Plaintiff with a specific legal text; there is no abstract, freestanding right to a law library or
20 legal assistance, Lewis v. Casey, 518 U.S. 343, 351 (1996). (Id. at 5.) An inmate cannot
21 establish actual injury "simply by establishing that his prison's law library or legal assistance
22 program is subpar in some theoretical sense." Lewis, 518 U.S. at 351. Defendant further
23 argues that Plaintiff's claim cannot succeed on the merits because he is not entitled to any
24 specific law book, and the book that he is seeking was removed in 1997 because it was out
25 of date. (Doc. #27 at 5.) She asserts that *The Rights of Prisoners* (3d Ed.) is current at each
26 prison unit through the 2008-2009 Supplement and was intended to replace the Prison Self-
27 Help Litigation Manual. (Id. at 2.)

- 4 -

1  Finally, Defendant opposes Plaintiff's request for appointment of counsel, arguing that
2  appointment of counsel is only required when there are exceptional circumstances, Terrel v.
3  Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991), and that Plaintiff's difficulty in proceeding is
4  not uncommon to a *pro se* litigant and is not an exceptional circumstance.  Moreover,
5  Plaintiff has not demonstrated a likelihood of success on the merits, Wood v. Housewright,
6  900 F.2d 1332, 1335 (9th Cir. 1990).

7  In his reply, Plaintiff asserts that *The Rights of Prisoners* is not a "how to" book
8  because it shows nothing with respect to preparing documents. (Doc. #28 at 1.) In addition,
9  ADC's policies regarding paralegals prohibit them from giving legal advice and doing
10 research, and they may only assist in the initial filing and cannot assist with a petition for a
11 writ of mandamus. (Id. at 2.) Plaintiff lists a number of grievances he has with this Court's
12 rulings, such as trying twice to file an interlocutory appeal. (Id. at 3.) He further alleges that
13 he has just found out that the allegations in this case have gone on for years and that the
14 Attorney General has lied to ADC, Plaintiff, and this Court for 15 years. (Id.) As to
15 prevailing on the merits, Plaintiff asserts this is a case of first impression. (Id. at 6.)

16  **2. Analysis**

17  The Court will deny the motion for return or replacement of the Prison Self-Help
18 Litigation Manual. Plaintiff fails to demonstrate "that he is likely to succeed on the merits,
19 that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
20 balance of equities tips in his favor, and that an injunction is in the public interest." Winter,
21 129 S. Ct. at 374. Plaintiff has no constitutional right to require ADC to provide a book on
22 how to conduct litigation. The right of access to the courts is only a right to bring petitions
23 or complaints to the federal court and not a right to discover such claims or even to litigate
24 them effectively once filed with a court. See Lewis, 518 U.S. at 354; see also, Cornett v.
25 Donovan, 51 F.3d 894, 898 (9th Cir. 1995) ("[W]e conclude the Supreme Court has clearly
26 stated that the constitutional right of access requires a state to provide a law library or legal
27 assistance only during the pleading stage of a habeas or civil rights action.")

28  Injunctive relief may only be granted when a movant demonstrates by specific facts

1  that there is a credible threat of immediate and irreparable harm.  Fed.R.Civ.P. 65(b).  The
2  Supreme Court has provided the standard for harm in the case of an inmate's access to the
3  courts - the inmate must submit evidence showing an "actual injury"resulting from
4  defendants' actions.  See Lewis, 518 U.S. 343.  With respect to an existing case, the actual
5  injury must be "actual prejudice" . . . "such as the inability to meet a filing deadline or to
6  present a claim."  Id. at 348.  That Plaintiff's motions have been denied is not evidence of
7  actual injury.  The motion for a prison litigation manual will be denied.

8  As for Plaintiff's request for appointment of counsel, there is no constitutional right
9  for an indigent to have appointed counsel in a civil case.  Aldabe v. Aldabe, 616 F.2d 1089,
10 1093 (9th Cir. 1980).  The Ninth Circuit has held that the constitutional right of access to the
11 courts requires that the state provide assistance only through the pleading stage.  Cornett, 51
12 F.3d at 899.  Plaintiff's case is beyond the pleading stage, so his right of access is not at issue
13 and, therefore, cannot justify appointment of counsel.

14 Further, 28 U.S.C. § 1915(e)(1) confers on a court the discretion to "request" counsel
15 to represent an indigent civil litigant, but this circuit has limited the exercise of that power
16 to "exceptional circumstances," based upon such factors as the likelihood of success on the
17 merits and the ability of the plaintiff to articulate his claims in light of their complexity.
18 Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990).  Plaintiff offers nothing to show
19 a likelihood of success, nor does he show any particular complexity of issues in this case;
20 moreover, he has experience litigating cases because he has filed numerous other lawsuits.
21 He merely asserts that he needs to challenge the Court's rulings.  (Doc. #24.)

22 The Court will deny Plaintiff's request for appointment of counsel.

23 **IT IS HEREBY ORDERED:**

24 (1) The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motions
25 for a Court Order to Use or Possess a Typewriter (Doc. #23) and Order to Show Cause to
26 provide him  a Prisoner Self-Help Litigation Manual and for appointment of counsel (Doc.
27 #24).

28

(2)     Plaintiff's Motions for a Court Order to Use or Possess a Typewriter (Doc. #23) and Order to Show Cause to provide him a Prisoner Self-Help Litigation Manual and for appointment of counsel (Doc. #24) are **DENIED**.

DATED this 19th day of March, 2009.

_____
Stephen M. McNamee
United States District Judge