**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Stephen Bishop, | ) | No. CV 08-0964-PHX-SMM (JRI) |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Dora Schriro, | ) ) ) | |
| Defendant. | ) ) | |

Before the Court is Plaintiff's Motion for Recusal (Doc. 48). Plaintiff requests recusal pursuant to 28 U.S.C. § 455, and bases his recusal motion on the Court's "severe bias against Plaintiff's rights" and "total disregard for anything the Attorney General does to Plaintiff, including withholding evidence, lying, and abuse."

28 U.S.C. § 455(b), states, in relevant part:

[Any justice, judge, or magistrate of the United States] shall also disqualify himself in the following circumstances:
(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

Pursuant to 28 U.S.C. § 455(b), recusal of a judge is required only if the bias or prejudice stems from an extra-judicial source, not from conduct or rulings during the course of the proceedings. Liteky v. United States, 510 U.S. 540(1994); United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (judge's prior adverse rulings are insufficient cause for recusal).

 "[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555. Adverse rulings should be appealed; they do

1 not form the basis for a recusal motion.  Id.  Further, where the judge forms opinions in
2 the courtroom, either in the current proceeding or in a prior proceeding, these opinions
3 "do not constitute a basis for a bias or partiality motion unless they display a deep-seated
4 favoritism or antagonism that would make fair judgment impossible."  Id.

5 Here, Plaintiff has the burden to show extrajudicial bias or prejudice.  See
6 Thomassen v. United States, 835 F.2d 727, 732 (9th Cir. 1987).  Plaintiff, however,
7 provides only a single sentence containing a conclusory assertion.  He offers no evidence
8 of the Judge's bias or prejudice other than the rulings objected to by Plaintiff in this case.
9 Plaintiff has failed to show that the alleged bias stems from an extrajudicial source or
10 relies on knowledge acquired outside the proceedings in this or prior lawsuits.
11 Accordingly, Plaintiff has failed to establish bias on the part of Judge McNamee that
12 would warrant recusal.

13 Accordingly,

14 **IT IS HEREBY ORDERED DENYING** Plaintiff's Motion for Recusal (Doc.
15 48).

16 DATED this 6th day of April, 2009.

_____
Stephen M. McNamee
United States District Judge