# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Stephen Bishop,** Plaintiff<br>-vs-<br>**Dora B. Schriro, et al.,** Defendants | CV-08-0964-PHX-SMM (JRI)<br><br>**REPORT & RECOMMENDATION** |

Under consideration is Plaintiff's Motion to Stay, filed April 14, 2009 (#53). Plaintiff seeks to stay this action pending an appeal to the Ninth Circuit and a complaint to the State Bar. Defendants have responded (#54). Plaintiff has not replied, and the time to reply has expired.

**Background** - This action arises out of claims of civil rights violations while Plaintiff was an inmate in the Arizona Department of Corrections. Plaintiff argues that his safety is threatened because his prison record contains inaccurate information that puts him at risk of assault by other inmates and that he was denied commutation of his sentence because of the information. His claims do not in themselves involve medical issues.

However, Plaintiff filed a Motion for a Court Order to Use or Possess a Typewriter (#23), arguing that the medical condition of his hands precluded him from writing his court filings, etc., and therefore he should be permitted the use of a typewriter by prison officials. Plaintiff also filed a Motion for Order to Show Cause to provide him a Prisoner Self-Help Litigation Manual and to Appoint Counsel (#24) arguing that without those forms of assistance, he could not effectively litigate this matter.

The parties engaged in various wrangling over discovery related to medical records necessary to support Plaintiff's requests for assistance. (*See* Order 3/12/09, #39; Order 3/27/09, #44.) Eventually, however, District Judge McNamee denied all of the requests for

- 1 -

1  assistance. (Order 3/19/09, #41.)

2  Plaintiff has now appealed that order, and seeks a stay of this action pending
3  completion of his interlocutory appeal, and his prosecution of a State Bar complaint against
4  defense counsel.

5  **Magistrate Judge Authority** - This matter is heard by the undersigned magistrate
6  judge on referral, and thus the authority of the undersigned on matters which are
7  "dispositive" is limited to issuance of a report & recommendation. 28 U.S.C. § 636(b).
8  Motions to stay have not been held to be generically dispositive. However, where the effect
9  of the motion is a denial of relief, it is considered dispositive. *See e.g. Reynaga v. Cammisa,*
10 971 F.2d 414, 416 (9th Cir. 1992) ("Magistrate's imposition of the stay effectively denied
11 Reynaga's request for an injunction: it was therefore not authorized").

12 Here, Plaintiff seeks a complete stay of the proceeding for an indefinite time. While
13 it is relevant that it is Plaintiff seeking the stay, and thus delaying his own relief in the matter,
14 Defendants also have an interest in relief in the form a final determination of the matter.
15 Moreover, a denial of a stay could (if Plaintiff's claims of inability to litigate the merits
16 without the relief now sought from the Court of Appeals) mean an effective denial of relief
17 to Plaintiff on the merits.

18 As such, the determination whether to grant or deny such an indefinite stay would
19 appear to be better treated as a dispositive matter.

20 **State Bar Complaint as Basis for Stay** - Plaintiff seeks a stay, in part, to permit him
21 to pursue a complaint against defense counsel with the State Bar. Plaintiff argues that
22 counsel has made various misrepresentations to Plaintiff and the Court, e.g. as to the costs
23 of copies of Plaintiff's medical records, their relevance, their contents, etc..

24 Plaintiff's motion does not suggest why a stay of this matter is required as a result of
25 any such complaint process. None appears to the undersigned. If the complaint is
26 unsuccessful, no impact would occur asa result of these proceedings. If the complaint is
27 successful, any relief due to Plaintiff could be afforded to Plaintiff in those proceedings, or
28 other proceedings between Plaintiff and defense counsel. Neither scenario requires an

1 interruption of these proceedings.

2   **<u>Interlocutory Appeal as Basis for Stay</u>** - Plaintiff also seeks a stay to permit him to
3 pursue an interlocutory appeal to the Ninth Circuit.  Indeed, on April 3, 2009, Plaintiff filed
4 a Notice of Appeal (#47), appealing District Judge McNamee's Order filed March 19, 2009
5 (#41) denying Plaintiff's motions for various forms of assistance in litigating.

6   As a general rule, "[t]he filing of a notice of appeal is an event of jurisdictional
7 significance--it confers jurisdiction on the court of appeals and divests the district court of
8 its control over those aspects of the case involved in the appeal." *Griggs v. Provident*
9 *Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam).  Thus, as to the issues relevant
10 to Plaintiff's requests for a typewriter, litigation manual and counsel, the request for the stay
11 would be moot, this Court having no jurisdiction as to those aspects of the case.

12   As to the balance of the litigation, however, jurisdiction would ordinarily remain.  In
13 particular, Plaintiff's denied motions did not address the merits of the litigation itself.
14 Ordinarily, therefore, the continued prosecution of the merits would not be affected nor
15 jurisdiction transferred to the Court of Appeals.

16   However, the nature of Plaintiff's denied motions touch upon his very ability to
17 conduct the merits portion of the litigation.  If the merits are resolved by this Court while his
18 interlocutory appeal is pending, the appeal would be rendered moot, and Plaintiff could
19 potentially be denied a fair opportunity to litigate the merits in light of his claimed
20 disabilities.  Indeed, Plaintiff has recently filed a "Notice" (#56) asserting that Plaintiff is
21 now unable to write without significant pain, etc.

22   While this Court has found Plaintiff's claims of inability to litigate unsupported, this
23 Court cannot presume the correctness of that determination. Rather, this Court must entertain
24 the possibility that its determination of those matters was improper.  In such an instance,
25 forcing Plaintiff to litigate without the requested assistance could improperly result in an
26 adverse resolution of the merits.

27   Arguably, therefore, the litigation of  the merits of the case is one of the "aspects of
28 the case involved in the appeal."  *Griggs*, 459 U.S. at 58.

**Discretion to Stay** - Even if the interlocutory appeal does not amount to a divestment of jurisdiction over the merits of the case, as a result of Plaintiff's claimed inability to litigate, this Court would still have the discretion to grant a stay of proceedings.

"[I]t is the prerogative of the district court to manage its workload. . . [however] 'if there is even a fair possibility that the stay ... will work damage to some one else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Exp., Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)).

Given the potential, however remote, that the Court of Appeals would conclude that Plaintiff were entitled to relief, any processes completed in this Court in the interim would be suspect, resulting in a waste of resources by the parties and the Court. "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.,* 593 F.2d 857, 863 (9th Cir. 1979). However, in *Leyva*, the court explained that "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time." 593 F.2d at 864.

Here, Defendants have not espoused any real damage from a stay, apart from the delay itself. The case is relatively young, having been filed May 21, 2008. Discovery is still ongoing, with discovery motions due June 10, 2009, and dispositive motions due July 9, 2009. (Amended Scheduling Order, 11/21/08, #22.) Moreover, the stay requested here is not likely to be of a great length. Interlocutory appeals are addressed relatively quickly by the Ninth Circuit. *Contrast Dependable Highway*, 498 F.3d at 1067 (delay of over two years for foreign arbitration that had not even commenced).

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion to Stay, filed April 14, 2009 (#53) be **GRANTED.**

**IT IS FURTHER RECOMMENDED** that the Court order that this action be stayed pending a decision on Plaintiff's Notice of Interlocutory Appeal filed April 3, 2009 (#47).

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: May 19, 2009

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\08-0964-053r RR 09 05 13 re MStay.wpd