**WO**                                                                                           SVK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Bishop, | No. CV 08-0964-PHX-SMM (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Defendants. | |

Plaintiff Stephen Bishop, an inmate in the custody of the Arizona Department of Corrections (ADC) and no stranger to federal litigation,[1] filed this civil rights action under 42 U.S.C. § 1983. Defendants[2] move for summary judgment on Count II, the only remaining Count. (Doc. 81.) Although the Court issued a Notice pursuant to Rand v. Rowland, 154 F.3d 952, 960 (9th Cir. 1998), advising Plaintiff of his obligation to respond, Plaintiff filed

---

[1] Plaintiff has filed the following civil rights actions with the Federal District Court, District of Arizona: Bishop v. Pinkstaff, CV 00-0303-PHX-SMM (JRI); Canadian Coal. A, et al. v. Ryan, CV 02-1344-PHX-EHC; Bishop v. Schriro, et al., CV 04-0353-PHX-SMM (JRI); Bishop v. Lewis, et al., CV 90-1724-PHX-CAM; Bishop v. McDonald, et al., CV 92-0952-PHX-CAM (MS); Bishop v. Schriro, CV 94-0559-PHX-EHC (MS); Bishop v. Lewis, CV 94-2118-PHX-EHC (MS); Bishop v. Daughtery, CV 95-1483-PHX-ROS (MS); Bishop v. Rhode, et al., CV 95-1601-PHX-SMM (MS); and Bishop v. Boes, et al., CV 96-0654-PHX-SMM (MS).

[2] Charles Ryan has been substituted for Schriro for purposes of official-capacity claims.

1 no response, and the time to do so has passed. (Doc. 84.) Plaintiff, however, moves for a
2 voluntary dismissal of Count II. (Doc. 89.) That motion is also ready. (Doc. 93.)

3 The Court will grant Plaintiff's motion to dismiss, dismiss the claim with prejudice,
4 and deny Defendants' motion as moot.

## I.  Background and Motions

In Count II of his Complaint, Plaintiff alleged that his safety is threatened because his prison record contains inaccurate information that puts him at risk of assault by other inmates and that he was denied commutation of his sentence because of the information. The Court directed Schriro to answer Count II and dismissed the remaining claims. (Doc. 5.)

Defendants move for summary judgment on the grounds that (1) the claim is barred by the statute of limitations, (2) damages are not available for claims for potential damages, and (3) Plaintiff cannot demonstrate any inaccuracies that would inevitably lengthen his sentence. (Doc. 81.) Plaintiff moves for voluntary dismissal on the ground that ADC "policy for inmate hard files does not create a liberty interest in containing false information."[3] (Doc. 89.) Defendants do not oppose the voluntary dismissal but ask that the dismissal be with prejudice. (Doc. 93.) They note that Plaintiff has been complaining for decades that his files have been altered and that the pending summary judgment motion argues that Plaintiff's claims are time-barred and that this case was filed in May 2008. (Id. at 1, ref. Doc. 81 at 4-5, ref. Doc. 1.) Plaintiff did not file a reply.

## II.  Analysis

After an answer or a motion for summary judgment is filed, a case can only be dismissed by court order "on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2). District courts in the Ninth Circuit analyze Rule 41(a)(2) motions in three stages: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. Williams v. Peralta Cmty. College Dist., 227 F.R.D. 538, 539 (N.D. Cal. 2005) (citing Burnette v. Godshall, 828 F.Supp. 1439,

---

[3] Plaintiff filed a Notice of Voluntary Dismissal, which the Magistrate Judge construed as a motion. (Doc. 91.)

1  1443 (N.D. Cal. 1993), aff'd sub nom, Burnette v. Lockheed Missiles & Space Co., 72 F.3d
2  766, 767 (9th Cir. 1995)); Navajo Nation v. Peabody Coal Co., 2009 WL 806636, at *4 (D.
3  Ariz. March 26, 2009).  A motion for voluntary dismissal should be granted unless the
4  defendant shows it will suffer some plain legal prejudice as a result.  United States v. Berg,
5  190 F.R.D. 539, 543 (E.D. Cal. 1999); see Waller v. Fin. Corp. of Am., 828 F.2d 579, 583
6  (9th Cir. 1987); Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir.
7  1982).  Plain legal prejudice may be shown where actual legal rights are threatened or where
8  monetary or other burdens appear to be extreme or unreasonable.  See Watson v. Clark, 716
9  F. Supp. 1354, 1356 (D. Nev. 1989), aff'd, 909 F.2d 1490, (9th Cir. 1990).  In addition,
10 Courts have used a four-factor test when deciding whether to grant a voluntary dismissal: (1)
11 the defendant's effort and expense in preparing for trial, (2) any excessive delay or lack of
12 diligence on the part of the plaintiff in prosecuting the action, (3) insufficiencies in the
13 plaintiff's explanation of the need for a dismissal; and (4) the fact that a summary judgment
14 motion has been filed by the defendant.  Navajo Nation, 2009 WL 806636, at *4 (applying
15 the four factors where defendants opposed the plaintiff's motion for voluntary dismissal);
16 United States v. Berg, 190 F.R.D. 539, 543 (E.D. Cal. 1999).

17       Neither party discusses the four factors, and Defendants do not otherwise oppose
18 voluntary dismissal; in fact, Defendant consents to the dismissal although the parties engaged
19 in some discovery and Defendants filed a summary judgment motion.  Although neither party
20 offers any discussion of the four factors, because a motion for voluntary dismissal should be
21 granted unless a defendant shows that it will suffer plain legal prejudice and Defendants have
22 not made such a showing or even such an argument, the Court will grant the motion for
23 voluntary dismissal.

24       If an order does not state whether a dismissal is with or without prejudice, the
25 dismissal is construed as one without prejudice.  Fed.R.Civ.P. 41(a)(2).  The Rule 41 "broad
26 grant of discretion does not contain a preference for one kind of dismissal or another."  See
27 Hargis v. Foster, 312 F.3d 404, 407 (9th Cir. 2002); Navajo Nation, 2009 WL 806636, *8.
28 The "default position [of without prejudice] applies to the interpretation of a silent order, not

1  to the district court's discretionary decision in the first instance." Hargis, 312 F.3d at
2  407(citing Semtek Int'l v. Lockheed Martin Corp., 531 U.S. 497, 503 (2001)); 9 Charles
3  Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2367 (2d ed. 1994)).

4  Here, Plaintiff does not specify that he is requesting dismissal without prejudice.
5  (Doc. 89.) Defendants ask that the dismissal be with prejudice, citing the age of the case,
6  among other factors. Plaintiff does not oppose this request. Therefore, the claims in Count
7  II are dismissed with prejudice. Defendants have not requested that the dismissal include
8  terms and conditions, such as legal fees; thus, the Court will impose no terms or conditions.

9  Because no claims remain, the action will be terminated.

10 **IT IS ORDERED:**

11 (1) The reference to the Magistrate Judge is withdrawn as to Defendants' Motion for
12 Summary Judgment (Doc. 81) and Plaintiff's Motion for Voluntary Dismissal (Doc. 89.)

13 (2) Plaintiff's Motion for Voluntary Dismissal (Doc. 89) is **granted**, and the claims
14 in Count II are **dismissed with prejudice**.

15 (3) Defendants' Motion for Summary Judgment (Doc. 81) is **denied as moot**.

16 (4) The action is terminated, and the Clerk of Court must enter judgment accordingly.

17 DATED this 17th day of December, 2010.

Stephen M. McNamee
United States District Judge